# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BARBARA J. HEJDUK and
CHARLES A. HEJDUK,

    Plaintiffs,

v.                                                     Case No. 3:20-cv-61-J-34PDB

ETHICON INC. and
JOHNSON & JOHNSON,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to Substitute Expert Witness (Doc. 64; Motion), filed on February 3, 2020. In the Motion, Plaintiffs seek leave to identify a substitute expert replacing their case-specific urogynecology expert, Christopher Walker, M.D., due to his recent indictment. See generally Motion. Defendants filed a response in opposition to the Motion on February 18, 2020. See Ethicon's Opposition to Plaintiffs' Motion for Leave to Substitute Expert Witness (Doc. 67; Response). In the Response, Defendants contend that the pending criminal charges against Walker do not render him unavailable to provide testimony in this case, and that Plaintiffs have "unreasonably delayed seeking substitution and identifying a proposed expert to the detriment of Defendants." See Response at 1. Upon review of the Motion and Response, the Court finds that the Motion is due to be granted.

Plaintiffs initiated this action on September 23, 2014, by filing a Short Form Complaint (Doc. 1) in the multi-district litigation (MDL) known as In Re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation MDL No. 2327 in the United States District Court for the Southern District of West Virginia (the MDL Court). Pursuant to the MDL

Court's Pretrial Order #303 (Doc. 17), Plaintiffs were required to disclose their expert witnesses no later than July 13, 2018. Accordingly, on June 4, 2018, Plaintiffs disclosed Christopher Walker, M.D., a board certified urogynecologist, as their case-specific expert witness and served Defendants with his expert report. See Motion at 1-2. Dr. Walker is the only case-specific urogynecology expert that Plaintiffs disclosed. Id. Discovery closed in the MDL on October 4, 2018, (Doc. 17), and Defendants filed Defendants' Motion for Partial Summary Judgment (Doc. 37) with a Memorandum in Support (Doc. 38) on October 16, 2018. Plaintiffs filed a response in opposition to the summary judgment motion on October 25, 2018. See Plaintiff's Opposition to Defendant's' [sic] Motion for Partial Summary Judgment (Doc. 45). On March 26, 2019, the MDL Court entered an Order (Doc. 47) directing counsel to prepare for the transfer and remand of the instant case, among many others. Thereafter, on January 9, 2020, the MDL Court entered a Transfer Order (Doc. 51), directing the transfer of this case to the Middle District of Florida. The matter was then transferred to this Court and assigned to the undersigned on January 24, 2020. (Doc. 59). Ten days later, Plaintiffs filed the instant Motion requesting substitution of their case-specific expert witness, Dr. Walker. See generally Motion.

In the Motion, Plaintiffs request leave to designate a substitute case-specific expert witness, outside the deadlines set forth in the MDL Court's Pretrial Order # 303, because, almost a year after their disclosure of Dr. Walker as an expert witness, he was arrested and charged on a multi-count federal indictment. See Motion at 2. Specifically, Dr. Walker was indicted by a federal grand jury in the Eastern District of New York on May 23, 2019. See Response, Ex. 2. On June 28, 2019, Plaintiffs contacted Defendants to request their consent to the substitution of a new expert witness. See Response at 3. According to Defendants, Plaintiffs identified their proposed new expert on January 31,

2020. Id. On February 3, 2020, following new allegations of witness tampering, the United States District Court in the Eastern District of New York entered an Order of Detention Pending Trial as to Dr. Walker. See id., Ex. 3 at 8, Ex. 4. However, upon recent review of the docket, it appears that on March 31, 2020, the district court entered an order authorizing Dr. Walker's release upon execution of a $1,000,000 bond. See United States v. Walker, Case No. 19-CR-239 (RJD), ECF No. 65 (E.D.N.Y. entered Mar. 31, 2020) (Order Setting Conditions of Temporary Release and Appearance Bond).

Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The Eleventh Circuit Court of Appeals has long recognized that this "good cause" standard "'precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension.'" See Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1231 (11th Cir. 2008) (alterations in original) (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998)); see also id. at 1232 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")). In addition, where a party seeks "the extension of an already-expired scheduling order deadline," the party "must show both good cause and excusable neglect." Payne v. C.R. Bard, Inc., 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed.R.Civ.P. 6(b)(1), 16(b)(4)); see also Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 685 (11th Cir. 2013). To determine whether a party has made a sufficient showing of "excusable neglect," courts "must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant,

and whether the movant acted in good faith.'" Payne, 606 F. App'x at 944 (quoting Advanced Estimating Sys. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996)).

Upon review, the Court finds that, under the circumstances of this case, the indictment of Plaintiffs' expert witness constitutes good cause for the requested relief. The reason for the requested modification of the scheduling order, Dr. Walker's indictment, was not within Plaintiffs' "reasonable control," and there is no indication that Plaintiffs have acted in bad faith. See Payne, 606 F. App'x at 944. Moreover, Plaintiffs acted with due diligence in seeking leave to substitute their expert witness. Dr. Walker was indicted in May of 2019, after the MDL Court had designated this case for transfer. Thus, it appears Plaintiffs waited to file the instant Motion until after the transfer of this case was completed. As such, the Court finds that despite the length of time between when Plaintiffs learned of the indictment and the filing of the Motion, Plaintiffs acted with sufficient due diligence by filing the Motion promptly following the transfer of the case to this Court.[1] Most significantly, the Court finds that, given the procedural posture of the case and its recent transfer to this Court, substitution of the expert witness will not cause substantial delay or undue prejudice to Defendants.

Defendants argue that they will suffer prejudice because discovery has closed, and the summary judgment and Daubert motions are fully briefed. See Response at 8. However, as discussed at the February 3, 2020 status conference, the Court will require the parties to re-file the Daubert motions. See Minute Entry (Doc. 65). Regarding Defendants' summary judgment motion, the Court finds that because this motion has been

---

[1] Nor is the Court persuaded that the mere existence of allegations of misconduct against Dr. Walker in other lawsuits, years prior to Plaintiffs' decision to retain him, establishes a lack due diligence on Plaintiffs' part. See Response at 7-8. On the current record, there is no indication that Plaintiffs were aware that Dr. Walker was under federal investigation or that Plaintiffs could have reasonably foreseen the criminal charges against Walker at any time prior to his arrest.

pending for nearly a year and a half since it was originally filed in the MDL Court, rather than reactivate the stale briefing, the Court will require Defendants to file a renewed summary judgment motion that includes any recent developments in the law. As such, Defendants will have the opportunity to address the opinions of Plaintiffs' substituted expert witness in the renewed briefing. Moreover, given the need for renewed briefing, Plaintiffs' expert witness can be substituted and new briefing filed without causing any additional delay or undue prejudice to Defendants. Indeed, as agreed to by the parties in the Joint Notice (Doc. 70), any prejudice to Defendants will be alleviated by the opportunity to: depose the newly designated expert, file a <u>Daubert</u> motion if warranted, issue a new rebuttal report by Defendants' case-specific expert, and take a supplemental deposition as well as an independent medical examination of Plaintiff Barbara Hejduk. <u>See</u> Response at 9; Joint Notice at 25-27.[2] The Court finds this relief to be appropriate and warranted under the circumstances. In light of the foregoing, the Court will grant the Motion and enter an appropriate case management and scheduling order.

Accordingly, it is

**ORDERED:**

---

[2] Defendants also assert that they should have the opportunity to identify a new case-specific expert to rebut Plaintiffs' substitute expert. <u>See</u> Response at 9. Plaintiffs do not agree to this relief. <u>See</u> Joint Notice at 25-26. If Defendants intend to seek a substitute case-specific expert, they must file an appropriate motion requesting such relief and specifically explain why such relief is necessary and appropriate.

In addition, Defendants assert in their Response that "regardless of whether Plaintiffs are allowed to substitute in a new expert, defendants should be allowed to depose Dr. Walker . . . ." <u>See</u> Response at 9. Notably, this request does not appear to be included in the Joint Notice, in which the parties agreed that, except as otherwise stated in the Joint Notice, "discovery shall remain closed." <u>See</u> Joint Notice at 27. As such, it is unclear whether Defendants still intend to seek this relief. Regardless, to the extent Defendants seek to reopen discovery to take Dr. Walker's deposition, Defendants must file an appropriate motion requesting such relief.

1. Plaintiffs' Motion for Leave to Substitute Expert Witness (Doc. 64) is **GRANTED.**
2. The testimony of Plaintiffs' substitute expert is **limited to** only those topics on which Dr. Walker previously opined.
3. Defendants are permitted to: depose the newly designated expert, file a <u>Daubert</u> motion if warranted, issue a new rebuttal report by Defendants' case-specific expert, and take a supplemental deposition as well as an independent medical examination of Plaintiff Barbara Hejduk.
4. The Court will enter a Case Management and Scheduling Order accordingly.

**DONE AND ORDERED** in Jacksonville, Florida on April 7, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record