United States District Court
Middle District of Florida
Jacksonville Division

**BARBARA J. HEJDUK AND
CHARLES A. HEJDUK,**

    *Plaintiffs,*

v.                                                    No. 3:20-cv-61-J-34PDB

**ETHICON, INC., AND
JOHNSON & JOHNSON,**

    *Defendants.*

---

# Order

    The plaintiffs move for an order requiring Dr. Barry Schlafstein—an expert for the defendants—to appear for a deposition on a weekday during normal business hours or precluding him from testifying. Doc. 119. They state they have contacted the defendants "over the past few months" to determine a mutually convenient day and time but have been unsuccessful because Dr. Schlafstein insists the deposition occur on a Sunday. Doc. 119 at 2; Doc. 119-1 at 1–3. They observe Dr. Schlafstein has been listed as a general expert in hundreds or thousands of similar actions and has had months to configure his schedule. Doc. 119 at 3–4.

    The defendants oppose the motion, emphasizing several facts the plaintiffs omit: Dr. Schlafstein is a solo physician practitioner; he is the defendants' only case-specific expert and has been for more than two years; the plaintiffs already deposed him on his case-specific opinions two years ago on a **Sunday**; the plaintiffs received his supplemental report in June of this year; the defendants initially proposed Saturday, October 3, for his second deposition but received no reply from the plaintiffs until that day was no longer available; and the plaintiffs first objected to taking a Sunday deposition on September 17, sent date ranges on September 22 without

responding to the defendants' inquiry about whether they would be taking a second deposition of him, and waited until October 28 to file the current motion, leaving the Court only one business day before the deadline to depose him (today) to decide the motion. Docs. 123; 123-1–123-6.

That the plaintiffs previously deposed Dr. Schlafstein on a Sunday is dispositive and should have been disclosed in the motion (along with a reason why they agreed to a Sunday deposition before but cannot agree to a Sunday deposition now). They do not contest that Dr. Schlafstein has a busy patient practice (made busier, the defendants suggest, by the pandemic), they offer no good cause (for example, the need for a religious accommodation), and the authority they provide is nonbinding, is inapplicable, or merely underscores the discretion a judge has in setting discovery conditions considering the circumstances.

The Court **denies** the motion, Doc. 119. As the defendants observe, the plaintiffs do not request an extension of today's deadline to depose Dr. Schlafstein.

**Ordered** in Jacksonville, Florida, on November 16, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*